UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:19-cv-25157-FAM

PABLO MUÑOZ,

    Plaintiff,

v.

170 KAJU, LLC., a Florida Company and
JOHN E. GOMEZ, an individual.

    Defendants.

_____/

## AMENED COMPLAINT

Plaintiff, PABLO MUÑOZ ("MUÑOZ"), by and through his undersigned attorney, and hereby sues Defendants 170 KAJU, LLC., a Florida Company ("170 KAJU"), and JOHN E. GOMEZ an individual ("GOMEZ") (collectively, the "Defendants") as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violation of Florida Statute § 448.110.

### PARTIES

2. Plaintiff, PABLO MUÑOZ, is an adult male who presently resides in Miami, Miami-Dade County, Florida.

3. Defendant, 170 KAJU, LLC., a Florida Company, did at all times material, conduct substantial and continuous business in the Southern District of Florida. 170 KAJU, LLC., is located at 14239 SW 10th Street Miami, FL 33184.

4. Defendant, JOHN E. GOMEZ, owned, managed, and/or operated 170 KAJU, LLC., and regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rate of pay for employees, and controls the finances and operations of 170 KAJU, LLC.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, MUÑOZ is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, the work performed by MUÑOZ was directly essential to the business performed by the Defendants.

9. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

10. At all times material, during MUÑOZ 'S employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

13. On or about October 24, 2016, MUÑOZ was hired as a foreman at 170 KAJU, LLC. On or about October 20, 2018, MUÑOZ no longer worked for 170 KAJU, LLC.

14. MUÑOZ worked eleven (11) hours a day, five days a week.

15. MUÑOZ was to be paid $1,000.00 per week.

16. MUÑOZ was given a wage of $18.18 per hour.

17. MUÑOZ between January 23, 2017 and October 20, 2018, MUÑOZ worked about fifty-five (55) hours a week.

18. In many weeks, MUÑOZ was not paid $1,000.00 by Defendants, MUÑOZ was paid less than $1,000.00.

19. In many weeks, MUÑOZ, was paid $200.00 or $300.00 despite working fifty-five (55) hours a week, thus he was paid less than minimum wage for these weeks.

20. MUÑOZ worked six hundred seventeen (617) hours that he was never paid for.

21. MUÑOZ was not paid at minimum wage for six hundred seventeen hours worked.

22. In many weeks, MUÑOZ worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

23. Although the Defendants were able to keep track of hours worked by MUÑOZ and other employees similarly situated, the Defendants failed to pay MUÑOZ or other similarly situated employees at an overtime rate when working in excess of forty (40) hours a week.

24. MUÑOZ should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

25. MUÑOZ is still owed for his overtime work completed from January 23, 2017 to October 20, 2018.

26. On or about September 11, 2019, MUÑOZ through undersigned counsel sent Defendants a demand letter. Defendants did not respond to the demand letter.

27. MUÑOZ provided Defendants with the mandatory pre-suit notice.

## COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
*(Against the Defendants)*

28. Plaintiff, MUÑOZ re-alleges and reincorporates paragraphs 1-27 as fully alleged therein.

29. As of January 23, 2017, in addition to MUÑOZ'S normal, regular work week, MUÑOZ worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

30. MUÑOZ was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

31. 170 KAJU failed to pay MUÑOZ'S overtime compensation in the lawful amount for hours worked by MUÑOZ in excess of the maximum hours provided for in the FLSA.

32. At all times, 170 KAJU willfully employed MUÑOZ for many work weeks longer than forty (40) hours, and failed and refused to compensate MUÑOZ for such work in excess

of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

33. As a result of the unlawful acts of 170 KAJU, MUÑOZ and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

34. 170 KAJU remains owing MUÑOZ overtime wages, and MUÑOZ is entitled to recover double damages pursuant to the FLSA.

35. Records, if any, concerning the number of hours worked by MUÑOZ and the actual compensation paid to him are in the possession and custody of 170 KAJU.

36. 170 KAJU knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate MUÑOZ at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

37. 170 KAJU failed to properly disclose or apprise MUÑOZ of his rights under the FLSA.

38. As a direct and proximate result of 170 KAJU'S willful disregard of the FLSA, MUÑOZ has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

39. MUÑOZ is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, MUÑOZ respectfully request that judgment be entered in their favor against Defendant, 170 KAJU:

    a. Declaring that 170 KAJU has violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding MUÑOZ overtime compensation in the amount calculated;

    c. Awarding MUÑOZ liquidated damages in the amount calculated;

    d. Awarding MUÑOZ reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding MUÑOZ post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of Florida Statute 448.110 (Below Minimum Wage)
*(Against the Defendants)*

40. Plaintiff, MUÑOZ re-alleges and reincorporates paragraphs 1-27 as fully alleged therein.

41. In many weeks, MUÑOZ, was not paid minimum wages for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

42. MUÑOZ is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

43. By reason of the intentional, willful and unlawful acts of the Defendant, GOMEZ, in violation of the FLSA, Plaintiff has suffered damages.

44. MUÑOZ provided Defendants with the mandatory pre-suit notice.

45. WHEREFORE, Plaintiff, MUÑOZ, demands judgment against the Defendant, GOMEZ individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
### Violation of Florida Statute § 448.110 (Unpaid Wages)
*(Against the Defendants)*

46. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 25 as if fully restated herein.

47. Plaintiffs and all other similarly situated employees have earned unpaid wages which are owed and payable by Defendants pursuant to Florida Statute Chapter 448 and/or an agreement between the parties.

48. Defendant, despite MUÑOZ'S reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment to MUÑOZ and all other similarly situated employees as required by Florida Statute Chapter 448 and/or an agreement between the parties, thereby engaging in unlawful Wage Theft.

49. As a result of Defendant's Wage Theft and failure to pay earned wages, MUÑOZ has suffered damages, including wages, interest and attorneys' fees.

### DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com